**This order is SIGNED.**

**Dated: January 27, 2025**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

rdr

*Order prepared and submitted by:*
J. Thomas Beckett, USB #5587
Brian M. Rothschild, USB #15316
Darren Neilson, USB #15005
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
TBeckett@parsonsbehle.com
BRothschild@parsonsbehle.com
DNeilson@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re<br>PolarityTE, Inc., a Delaware corporation<br>    Debtor. | Case No. 23-bk-22358-KRA<br>Case No. 23-bk-22360-KRA |
| In re<br>PolarityTE, MD Inc., a Nevada corporation,<br>    Debtor. | Case No. 23-bk-22361-KRA<br>Jointly Administered Chapter 11 Cases |
| In re<br>PolarityTE, Inc., a Nevada corporation,<br>    Debtor. | Judge Kevin R. Anderson<br>**THIS DOCUMENT RELATES TO ALL DEBTORS** |

4910-1437-9018

# FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION DATED AUGUST 15, 2024

The matter before the Court is the *Debtors' Amended Chapter 11 Plan of Liquidation Dated August 15, 2024* (ECF 152) (the "**Plan**"), filed by PolarityTE, Inc., a Delaware corporation ("**PTE**"), PolarityTE, MD Inc., a Nevada corporation ("**PTE MD**"), and PolarityTE, Inc., a Nevada corporation ("**PTE NV**," and together with PTE and PTE MD, the "**Debtors**" and each individually a "**Debtor**").

Based upon the evidence set forth on the Docket in the Case, including the Declarations of Richard Hague and John Curtis (the "**Hague Decl.**" and "**Curtis Decl.**," respectively), and other papers filed concerning the Plan, as well as the arguments raised by the Debtors in the *Debtors' Motion Under Sections 1122 and 1129 of the Bankruptcy Code to Approve and Confirm Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (ECF 167) (the "**Memorandum**"), having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

## JURISDICTION AND PROCEDURAL POSTURE

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

3. The bases for the relief requested are proper under sections 105 and 1122-1129 of title 11 of the Bankruptcy Code, Rules 3016-3021 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  No prior motion for the relief requested in this Motion has been filed or adjudicated.  No trustee or examiner has been appointed in the Chapter 11 Case.

4. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

## BACKGROUND

### I. PROCEDURAL HISTORY

5. The Debtors commenced this case (the "**Chapter 11 Case**") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, on June 6, 2023 (the "**Petition Date**").

6. On the Petition Date, the Debtors moved for joint administration of the Chapter 11Cases (ECF 2), and the Court entered an Order granting joint administration of the Chapter 11 Cases on an interim basis (ECF 19) and final basis. (ECF 69.)

7. After the Petition Date, the Debtors sought and obtained approval from the Bankruptcy Court for procedures to run a bid and sale process for the sale of substantially all their assets. (ECF 8.) At the conclusion of that process, the Debtors moved for approval of the sale of substantially all the Debtors' operating assets to Grander Acquisition LLC ("**Grander**" and the "**Grander Sale**"). (ECF 55.) On July 31, 2023, the Court approved the sale of substantially all the

3

Debtors' operating assets to Grander for the price of $6,500,000 and the assumption of certain liabilities. (ECF 107.)

8. The Debtors continue to operate and manage their property as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

9. No examiner or trustee has been appointed in the Chapter 11 Cases.

## II. NOTICE OF AND DISTRIBUTION OF THE PLAN

10. On November 4, 2024, the Court approved the form of the Debtors' Disclosure Statement (the "**Disclosure Statement**") (ECF 154) along with the Debtors' proposed *Notice of Hearing on Confirmation, and Objection Deadline for Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* and the Debtors' proposed *Notice of Non-Voting Status Under Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*. (Order, ECF 166.) Since no class of claims is impaired under the Plan, no class was entitled to vote on the Plan pursuant to section 1129(a)(8). Accordingly, the Court did not require the Debtors to solicit votes on approval of the Plan, consistent with sections 1126(f) and 1129(a)(8) of the Bankruptcy Code.

11. On November 4, 2024, the Debtors filed and served by U.S. Mail, First-Class™, the following to all creditors, the Debtor's entire mailing matrix, equity holders, the IRS, the SEC, and all other parties entitled to notice the following documents:

   1. **Order (I) Approving Proposed Disclosure Statement and Finding the Form and Manner of the Notice of the Disclosure Statement Hearing Adequate, (II) Scheduling a Confirmation Hearing, and (III) Establishing Notice and Objection Procedures for Confirmation of Debtors' Amended Plan of Liquidation (ECF 166);**

   2. **Notice of Non-Voting Status Under Debtor's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (ECF 168);**

   **3.**  **Notice of Hearing on Confirmation and Objection Deadline for Debtors' Plan of Liquidation Under Chapter 11 of The Bankruptcy Code (ECF 169).**

(*See* Certificate of Service, ECF 170; Curtis Decl. ¶ 28.)

12. Since the Debtors have no impaired Classes of Claims, each Class of Claims was deemed to accept except Class 4 Equity Interests, who were deemed to reject the Plan. Thus, the Debtors were not required to solicit votes, send out ballots, or file a report of balloting.

## CONFIRMATION OF PLAN

13. Confirmation of the Plan is governed by section 1129 of the Bankruptcy Code.

**I.**  **BURDEN OF PROOF ON CONFIRMATION**

14. The Debtors must demonstrate that the Plan satisfies the applicable provisions of section 1129 of the Bankruptcy Code by a preponderance of the evidence. As set forth in *Liberty Nat'l Enters. v. Ambanc La Mesa Ltd. P'ship (In re Ambanc La Mesa Ltd. P'ship*.), "[t]he bankruptcy court must confirm a Chapter 11 [plan proponent's] plan of reorganization if the [plan proponent] proves by a preponderance of the evidence" that the plan satisfies Bankruptcy Code section 1129. 115 F.3d 650, 653 (9th Cir. 1997); 7 COLLIER ON BANKRUPTCY ¶ 1129.02[4], at 1129-22 (15th ed. rev. 2009) ("[T]he proponent bears the burdens of both introduction of evidence and persuasion that each subsection of section 1129(a) has been satisfied.").

15. Based upon the Disclosure Statement, Plan, and all exhibits thereto, including the Liquidation Analysis attached as Exhibit B to the Disclosure Statement, and the entire docket and record of this chapter 11 case, the Curtis Declaration, and other evidence and cause shown, the Debtors have proven by a preponderance of the evidence that all subsections of section 1129 of the Bankruptcy Code have been satisfied in respect of the Plan.

16. The Plan complies with the applicable provisions of the Bankruptcy Code and not by any means forbidden by law.

17. Section 1129(a)(1) incorporates by reference the other substantive provisions of Subchapter II of Chapter 11 of the Bankruptcy Code on the formulation and solicitation of the Plan.

(a) **Proper Classification (11 U.S.C. §§ 1122, 1123 (a)(1))**. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class. In addition to Administrative Expense Claims and Priority Claims, which are not classified under the Plan, the Plan designates three classes of Claims and one class of Equity Interests based upon differences in their legal nature or priority. The Secured Claim is separately classified in Class 2. The Priority Claims are classified separately in Class 1 from General Unsecured Claims in Class 3. And Interests are separately classified in Class 4. Thus, there is a valid legal reason for separately classifying the various classes of Claims and Equity Interests under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests.

(b) **Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))**. Classes 1 through 3 are all unimpaired under the Plan.

(c) **Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))**. Class 4 is specified as impaired under the Plan. Article IV of the Plan specifies the treatment of impaired Claims and Equity Interests.

(d) **No Discrimination (11 U.S.C. § 1123(a)(4))**. The Plan provides for the same treatment for each Claim and Equity Interest in each respective class unless the holder of a

6

particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Interest.

(e) **Implementation of Plan (11 U.S.C. § 1123(a)(5))**. Article VI of the Plan provides adequate and proper means for implementation of the Plan. The Plan is a liquidating plan, and so the means of liquidating and distributing the Debtor's remaining assets, is the Liquidating Trust. The Liquidating Trust Agreement is attached as Exhibit A to the Plan.

(f) **Required Corporate Charter Provisions (11 U.S.C. § 1123(a)(6))**. The Plan is a liquidating plan, and so the Debtors will merge into the Liquidating Trust upon the Effective Date. The Debtors will otherwise cease to exist as corporate entities, and so this provision is inapplicable.

(g) **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))**. The Plan provides that Mr. John Curtis will be the Liquidating Trustee, subject to the appointment of a Successor Trustee under the provisions of the Liquidating Trust Agreement.

18. **Additional Plan Provisions (11 U.S.C. § 1123(b))**. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions for (a) the rejection of all executory contracts and unexpired leases and (b) the resolution of certain disputes between and among the Debtors and other parties in interest, if any.

19. **Fed. R. Bankr. P. 3016(a)**. The Plan is dated August 15, 2024, and identifies the entity submitting it, *to wit*, the Debtors.

20. **The Debtors Have Complied with Bankruptcy Code (11 U.S.C. § 1129(a)(2))**. The Debtors have complied with the applicable provisions of the Bankruptcy Code.

(a)     The Debtors timely attended the first meeting of creditors under section 341(a) of the Bankruptcy Code conducted by the U.S. Trustee and provided all information requested by the U.S. Trustee at that time.

(b)     The Debtors are a proper proponent of the Plan under Bankruptcy Code §§ 1121(c) and 1189(a).

(c)     The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan and related documents and notices, and in soliciting and tabulating votes on the Plan.

(d)     The Debtors have timely (or within a few days of being timely) filed each month's Monthly Operating Report, which have been attested to being true and accurate.

(e)     The Debtors have not paid any professionals or expenses out of the ordinary course except upon order of the Court.

(f)     The Debtors have paid all fees of the U.S. Trustee that have come due.

(g)     The Debtors have obeyed all orders of the Bankruptcy Court and otherwise applied with the Bankruptcy Code and Bankruptcy Rules.

21.    **Plan Proposed in Good Faith, not by any means forbidden by law (11 U.S.C. § 1129(a)(3))**. The Debtors proposed the Plan in good faith and not by any means forbidden by law. The Debtors filed the proposed Plan with the legitimate and honest purpose of maximizing available value for the benefit of its creditors. All required tax documents have been filed with the IRS.

22.    **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. Any payments made or to be made under the Plan for services or for costs and expenses in or in

connection with the Bankruptcy Case, including all fees and expenses incurred by professionals in connection with the Plan and incident to the Case, has been approved by, or are subject to the approval of, the Court as reasonable and under 11 U.S.C. § 330.

23.     **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))**.  The Debtors have disclosed the identity and affiliations of the successor to the Debtors under the Plan, and the management of that successor.

24.     **No Rate Changes (11 U.S.C. § 1129(a)(6))**.  The Debtors are not subject to the jurisdiction of any governmental regulatory commission over rate changes.

25.     **Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))**.  As set forth above, each class of Claims that is impaired and entitled to vote under the Plan either voted to accept the Plan or shall receive as much as they would receive under Chapter 7 of the Bankruptcy Code.

26.     **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))**.  As set forth above, each Class of Claims that is impaired under the Plan and entitled to vote has accepted or is deemed to accept the Plan.

27.     **Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))**.  Except to the extent the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Administrative Expense Claims pursuant to 11 U.S.C. § 507(a)(1) and Priority Claims pursuant to 11 U.S.C. § 507(a)(2)-(8), shall be treated in accordance with the provisions of 11 U.S.C. § 1129(a)(9).  There are sufficient funds on hand to pay all Priority Claims in full on the Effective Date.

28.     **Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))**.  As set forth above, the Debtors' Plan has no impaired Classes of Claims besides the Class 4 Equity

9

Interests. The accepting-impaired class requirement does not apply to classes of equity. Therefore, this requirement is met or inapplicable.

29. **Feasibility (11 U.S.C. §§ 1129(a)(11))**. The Plan is a liquidating plan and thus 11 U.S.C. §§ 1129(a)(11) is inapplicable. Regardless, the Plan in Article VI specifies adequate means for implementation of the Plan, and thus the Plan is feasible.

30. **Payment of U.S. Trustee Fees (11 U.S.C. § 1129(a)(12))**. The Debtors or the Liquidating Trust, as applicable, will pay all fees under 28 U.S.C. § 1930 as they come due as provided in Section 11.12(a) of the Plan.

31. **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**. The Debtors have no obligation to provide retiree benefits, so this provision does not apply.

32. **Domestic Support Obligations, Individual Income, and Not-for-profit Entity (11 U.S.C. § 1129(a)(14)-(16))**. The Debtors are not individuals, not a non-profit, and have no domestic support obligations, and so these provisions do not apply.

33. **Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))**. The Plan does not discriminate unfairly with respect to any impaired Class of Claims and is fair and equitable and thus may be confirmed under section 1129(b)(2)(C) of the Bankruptcy Code.

34. **No Other Plan (11 U.S.C. § 1129(c))**. No other Chapter 11 plan has been filed in connection with the Bankruptcy Case.

35. **Principal Purpose of Plan (11 U.S.C. § 1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). There is no provision for tax relief or forgiveness in the Plan.

36.     In summary, the Plan complies with, and the Debtors satisfy, all applicable confirmation requirements, and the Plan will be confirmed under § 1191(a) by entry of the separate Confirmation Order.

###

**[END OF DOCUMENT]**

**DESIGNATION OF PARTIES TO RECEIVE NOTICE**

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION DATED AUGUST 15, 2024** shall be served to the parties and in the manner designated below:

By Electronic Service: I certify that the parties of record in this case as identified below, are registered CM/ECF users.

- **James W. Anderson**   jwa@clydesnow.com, gmortensen@clydesnow.com
- **Megan K Baker**   baker.megan@dorsey.com
- **J. Thomas Beckett**   tbeckett@parsonsbehle.com, ecf@parsonsbehle.com;brothschild@parsonsbehle.com
- **Gary M. Freedman**   gary.freedman@nelsonmullins.com, sarah.castillo@nelsonmullins.com;francis.santelices@nelsonmullins.com
- **Elaine A. Monson**   emonson@rqn.com, docket@rqn.com;jsears@rqn.com
- **Darren B. Neilson**   dneilson@parsonsbehle.com
- **Ellen E. Ostrow**   eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;geysa.peeler@foley.com
- **Brian M. Rothschild**   brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **Rachel A. Sternlieb**   rachel.sternlieb@nelsonmullins.com
- **Landon S. Troester**   lst@clydesnow.com, rcondos@clydesnow.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Russell S. Walker**   russellw@pearsonbutler.com, sasha@pearsonbutler.com
- **Melinda Willden tr**   melinda.willden@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

**By U.S. Mail** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b):

Crowell & Moring LLP
Attn: Michael V. Blumenthal
590 Madison Avenue
20th Floor
New York, NY 10022

David F. Marx
Dorsey & Whitney, LLP
111 South Main Street
21st Floor
Salt Lake City, UT 84111

Rocky Mountain Advisory, LLC
15 W South Temple
Ste 500
Salt Lake City, UT 84101

Dated this 2nd day of January, 2025.

                                        **PARSONS BEHLE & LATIMER**

                                        /s/ Darren Neilson
                                        Darren Neilson